JUNE, 1822.

Wallace
v.
Hill.
</div>

---

<div style="text-align:center">

Lewis Judson *against* Miguel Eslava.
</div>

<div style="text-align:right">

*June,* 1822.
</div>

THE points involved in the assignments of Error and so much of the Record as is material to them, appear in the

Opinion of the Court delivered by the Chief Justice.

This was an action of Assumpsit instituted in the Superior Court of *Mobile* County by *Eslava* against *Judson.* The declaration contains but one count—for money had and received ; the defendant there relied on the general issue.

On the trial bills of Exceptions were taken by Judson, to the decisions of the Court, on his motion for instructions to the Jury, rejecting evidence offered by him, and to the charge of the Court to the Jury.

It appears that before the institution of this action, *Judson* brought suit against *Eslava* in the Superior Court of *Mobile* County, a verdict was rendered in his favour, and judgment entered thereon. At a subsequent day of the term, *Eslava* entered a motion for a new trial, which was not disposed of during the term. Before the next term execution issued, the Sheriff collected the money, and paid it over to *Judson.* At the next term the motion for a new trial was heard, the judgment set *aside, and a new trial granted.*

The Counsel for the plaintiff in Error contends that this was a judgment with which the Court below could not rightly interfere, after the term at which it had been rendered. That money received under a judgment is not recoverable in any form of action, until that judgment shall have been reversed ; and that if money had been extorted, or payment wrongfully compelled, assumpsit is not the proper form of action for the injury.

It is clear that money received under a judgment is not recoverable so long as the judgment remains unreversed. But was there a legal judgment in full force when this money was collected of *Eslava* and paid to *Judson ?* By a rule of Court, then governing the practice of the Superior Courts of the territory, a motion for a new trial, &c. was expressly declared to have the effect of superseding the operation of

<div style="text-align:right; font-size:smaller">

1. Money collected by an execution issued, or under a judgment entered irregularly, may be recovered back by action of assumpsit. ·

2d. The Attorney for a party deposed that he filed a Note among the papers in a cause, that he had since searched for and could not find it, and that when he saw it last it was in possession of H. T.—evidence of its contents not admissible..

3. To sustain a judgment, and where diminution appears from the transcript, a certiorari will be awarded, after argument on Errors assigned.
</div>

*Reports of Cases argued and determined*

a judgment, until the motion or rule should be discharged. It is insisted, however, that this rule of Court should have been produced and made part of the Record in the Court below. A Court is bound to know its own rules. The rule was adopted by competent authority, and was obligatory on the parties. Then after the motion for a new trial was entered, and until after it had been disposed of, there was no judgment in the cause, and the execution was unauthorised. As to the form of action—The action of assumpsit lies to recover money which the defendant is in equity and good conscience bound to pay to the plaintiff. Even if the defendant has by a *tort* obtained possession of the plaintiff's money, he may waive the *tort* and recover in assumpsit.

It follows that the evidence was applicable to the issue, and that the Court below did right in admitting it, and in the instructions to the Jury. (1 Tidd. 10.)

Another point relied on for the plaintiff in Error, is that parol evidence offered by him, of the contents of a note, was improperly rejected. In laying the ground for this evidence, the testimony of Mr. *Acre* shews that as Attorney for *Judson* he had filed this note with the papers in another case; that he had since searched for and could not find it; and that when he last saw it, it was in possession of the Honourable *Harry Toulmin*.

There was no proof that *Toulmin* was dead or beyond the jurisdiction of the Court, or that any effort had been made to obtain his testimony, the best as to the fact of loss. It does not appear but that Judge *Toulmin* then had the note, or could, on enquiry, have directed where it might be found. With no better proof of the loss, to have admitted evidence of its contents, would have been a departure from a rule of evidence sanctioned by the most enlightened Jurists from time immemorial—a rule obviously necessary to guard against the concealment or perversion of the truth. by withholding the best, and introducing evidence of a secondary character.

Another assignment is, that the verdict is insufficient, being for *damages* and *interest* from a given day, but not ascertaining any day to which it shall be calculated. As to this matter the Record appears to be imperfect. It does not shew the day on which the verdict was rendered, or the day when the term began. In this there appears to be diminution. The Counsel for the defendant may avail himself of this suggestion if he thinks proper.

The defendant's Counsel accordingly obtained an order for a certiorari.

*Crawford* and *Hitchcock*, for plaintiff.
*Sallie*, for defendant in Error.